MARTÍNEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* SOTO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in Injunction Proceedings.

No. 2994.—Decided December 17, 1923.

INJUNCTION — PLEADING. — It is a general rule that an injunction will not be granted when there is a dispute as to the legal right involved and the right of the plaintiff is doubtful, the theory being that it is the duty of the court to protect existing rights rather than to establish other new and doubtful rights. Therefore, when the plaintiff's right has not been determined according to law, or is not clear, but is shown to be uncertain upon whatever basis it may be placed, not only by the answer of the defendant, but by the evidence examined at the trial, the plaintiff has no right to relief by injunction.

ID.—ID.—It is not enough that in his complaint the plaintiff alleges as a mere conclusion that the injury sought to be avoided by the injunction will be suffered by himself or his property, but he should allege facts sufficient to enable the court to judge whether the injury will be of the character stated. Therefore, it is essential that a full and exact statement of the facts should be made and if the plaintiff's case shows that this has not been done, the court may refuse to grant the injunction.

ID.—DILIGENCE.—When a party believes that the work being done with his knowledge on the adjoining property of another is injurious to him, he should be diligent in asserting his rights. Injunction will not lie to prevent damages when the work is almost finished.

ID.—COSTS.—It appears in this case that the principal purpose of the plaintiffs was to resort to an equitable remedy in order to prevent the defendant from establishing a privileged industry, as is the manufacture of bread, thereby prejudicing the public interests and favoring a monopoly with which the plaintiffs seem to have had some connection, for the purpose of absorbing the business, destroying all competition in the manufacture of an article of prime necessity and thus maintaining the high price of the said article. This was the conclusion of the lower court on that point and this would be a sufficient reason of itself not only for denying the injunction, but also for refusing to interfere with the discretion of the lower court in imposing the costs upon the plaintiffs.

The facts are stated in the opinion.

*Mr. José D. Rodríguez* for the appellants.

*Mr. Alberto García Ducós* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an injunction proceeding brought by the plaintiffs under the Act of March 8, 1906. Three plaintiffs join and allege that their respective property rights are impaired by the repairs being made by the defendant to his buildings, and they pray that the defendant be ordered to cease building beyond the lot in his possession; to destroy everything that is built on the yard of the house of Luis Martínez; to refrain from opening windows or having lights and views in the side-walls of the house under construction at less than two meters from the boundary line of his lot; to abstain from setting up motors and machinery that may disturb the free enjoyment of the property of the plaintiffs, and to lower the roof of the house under construction to its former altitude, or in lieu of this, to move the house to a distance of three meters from the house of plaintiff Martínez.

The defendant demurred to the complaint, denied generally its allegations and set up as a defense that the repairing of the house had been done publicly and with the knowledge and passiveness of the plaintiffs, the work being almost completed and the defendant having expended thereon $3,800, and that the granting of an injunction under such circumstances, after the inactivity of the plaintiffs, would cause the defendant more damage than the plaintiffs could suffer. That by acquisitive prescription for more than thirty years the defendant, individually and through his predecessors in title, had acquired the right to have lights and views in his building as the dominant tenement of the adjoining properties; and that the defendant is a property owner and solvent and in case of damages by the repairs made the plaintiffs could recover for such damages out of the property of the defendant, albeit he denied the possibility of such damages.

The court below denied the petition for an injunction and the plaintiffs took the present appeal. In the brief the appellants assign eighteen errors on the part of the trial judge; but we need not repeat here each assignment because they are all reduced to questions of fact or to an erroneous weighing of the evidence by the court. Following the repeated jurisprudence of this court in similar cases and the evidence in this case being contradictory and susceptible of equitable adjustment by the trial judge, who made an ocular inspection of the premises, we do not feel inclined to interfere or to review the facts and scrutinize the details brought out and settled by the trial court without any showing of manifest error, or passion, prejudice or partiality on the part of the trial judge. However, the appellants insist in their lengthy brief, in which not a single point of law is discussed and no citation of jurisprudence or authority is made, that on some points the court below reached certain conclusions on the basis of matters of fact not proved, or mistakes of law. It has been held by this court also that while the conclusions of the trial judge in support of a judgment may be erroneous the judgment may be correct. In this case whatever may have been the conclusions of the court below, the denial of the injunction was the only correct conclusion that the trial court could reach.

In the complaint, as we have said, certain rights are alleged in the plaintiffs with regard to the defendant. The answer denies those rights and sets up certain defenses, the issue being thus joined between the parties. An injunction in such circumstances should not be granted. The discussion and determination of such rights are matters for a different kind of action and an injunction is not the most proper means of determining and thus prejudging them.

"And it is a general rule that an injunction will not be granted where there is a dispute as to the legal right involved and the right of the complainant is doubtful; the theory being that it is the duty

of the court to protect acknowledged rights rather than to establish new and doubtful ones. Therefore, where the plaintiff's right has not been established at law, or is not clear, but is questioned on every ground on which he puts it, not only by the answer of the defendant, but by proofs in the cause, he is not entitled to remedy by injunction. *  *  * It follows from this that a court of equity will not interfere to prevent a disturbance of an easement, unless complainant's right has been established at law.'' 14 R. C. L. 355–356.

In the same volume of the authority cited it may be seen that the doctrine that a right or title in dispute should be established first in a court of law does not apply to all cases in which temporary restraining orders are asked for, but this is not a case in which the exception to the general rule is applicable.

It is true that the action is brought under the Act of 1906 and that one of the cases in which an injunction may be granted under that act is when it appears from the petition that the continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action. An allegation to this effect is made in the petition, but it is made as a mere conclusion without stating any fact whereby such damages may be determined or that would lead the court to a conclusion of their reality and nature. The petition being thus framed, we hold that it is not sufficient.

"It is not enough that a complainant shall allege in his bill that the injury will occur to himself or property, but he must show facts to enable the court to judge if the injury will be of the character stated. It is, therefore, essential that a full and candid disclosure of the facts should be made and if the case of complainant shows that this has not been done, or if it shows a concealment of facts which would, if stated, materially affect the conscience of the court, the chancellor may properly refuse an injunction; and likewise to authorize an injunction the complaint must state sufficient to justify the granting of such relief, and aver facts from which the conclusion

can be drawn that the plaintiff has no plain, speedy or adequate remedy at law.'' 14 R. C. L. 331.

Another reason why the injunction should be denied in this case is the lack of diligence on the part of the plaintiffs in asserting their rights. In order to find lack of diligence in cases of this kind no fixed or strict rules can be taken as a basis. The appellants contend that the time elapsed without complaint on their part was not so long as to be considered lack of diligence producing loss of their rights. Yet the evidence shows clearly that the plaintiffs had knowledge of the work being done by the defendant on his property from its commencement; that they had such knowledge because they were the defendant's neighbors, and that the plaintiffs petitioned for the injunction when the repairs had almost been completed. This of itself shows the length of time elapsed, which is sufficient to demonstrate the passivity of the plaintiffs by allowing the defendant to begin and continue the work and incur expenses which when the injunction was petitioned for had almost exhausted the amount estimated for the repairs contracted for at a fixed amount.

''Generally if there has been unreasonable delay in asserting claims, or if, knowing his rights, a party does not seasonably avail himself of means at hand for their enforcement, but suffers his adversary to incur expense or enter into obligations or otherwise change his position, or in any way by inaction lulls suspicion of his demands to the harm of the other, or if there has been actual or passive acquiescence in the performance of the act complained of, then equity will ordinarily refuse her aid for the establishment of an admitted right, especially if an injunction is asked. It would be contrary to equity and good conscience to enforce such rights when a defendant has been led to suppose by the word, silence or conduct of the plaintiff that there was no objection to his operations. * * * The determination of whether a complainant has exercised his right within a reasonable time, so that he is not barred by laches, depends on the facts and circumstances of the particular case.'' 14 R. C. L. 363.

In the case of *Rabell* v. *Rodríguez et al.*, 24 P. R. R. 526, a practical application was made of the principles stated and this court expressed itself in part as follows:

"To hold that a neighbor may sit silently by for weeks or months observing the gradual construction of a house on an adjoining lot, or breaking such silence at intervals by indulging in pleasant conversation with the owner of the new building, commenting on its attractive appearance but without sign of protest or objection, and thereafter may obtain a judicial order for the demolition of such structure merely because municipal or Insular Government officials may have permitted certain slight deviations from some building ordinance or health regulation, would be such plain travesty on justice as to shock the conscience and the intelligence of any good citizen whether lawyer or layman."

The last assignment of error refers to the imposition of costs upon the plaintiffs by the trial court.

It appears in this case that the principal purpose of the plaintiffs was to resort to an equitable remedy in order to prevent the defendant from establishing a free industry, as is the manufacture of bread, thereby prejudicing the public interests and favoring a monopoly with which the plaintiffs seem to have had some connection, for the purpose of absorbing the business, destroying all competition in the manufacture of an article of prime necessity and thus maintaining the high price of the said article.

This was the conclusion of the lower court on that point and this would be a sufficient reason of itself not only for denying the injunction, but also for refusing to interfere with the discretion of the lower court in imposing the costs upon the plaintiffs.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.